UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

David Copeland-Jackson,
Plaintiff,

v. Case Number: 1:07-cv-01124 ESH

Joseph Cutlip,
Defendant.

***Memorandum to Show Cause Why Venue is Proper in this District, and Why this Court may Exercise Personal Jurisdiction over Defendant, and Why this Suit is Not Barred by the Applicable Statute of Limitations***

The Court issued an order on July 9, 2007 for the plaintiff to show cause why venue is proper in Washington, D.C., and why this Court may exercise personal jurisdiction over Joseph Cutlip, and why this suit is not barred by the applicable Ohio statute of limitations.

Why this suit is not barred by the applicable Ohio statute of limitations

Plaintiff may sue the defendant for all of the defendant's defamatory acts since June 22, 2006 in the case, sub judice.

Plaintiff's suit is based on the false statements made by Joseph Cutlip that Plaintiff "performed oral sex" (among other sexual activities) on Cutlip and Joshua Helms, and plaintiff can now prove, at a minimum, that Cutlip made these statements to Peter Brandel on May 8, 2007 (see paragraphs 2 & 3 of plaintiff's amended complaint, and paragraph 6 of Exhibit 1 attached to the amended complaint; also see paragraph 7 of the Affidavit of David Copeland-Jackson filed in this case on July 3, 2007). Cutlip also admitted on May 8, 2007 that all of his statements were false, regardless of when he made them. Plaintiff may sue Cutlip for the May 8 statements up until May 8, 2008.

Plaintiff will also show that Cutlip has verbally made similar statements since June 22, 2006 and on at least one occasion while in Washington, D.C. within that time period, Cutlip mailed a letter touting the same false statements about Plaintiff to a perspective business associate/employer of the plaintiff's, which negatively impacted the consideration of Plaintiff's tenure and potential partnership.

RECEIVED

JUL 1 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Cutlip's established actions on May 8, 2007 was simply part of a continuous course of conduct that apparently became routine for Cutlip until Plaintiff was able to acquire the clear proof necessary to hold Cutlip accountable. All of the defendant's defamatory actions since June 22, 2006 are presently actionable, and thus, any defenses claimed on statute of limitations grounds are untenable.

Why this Court may exercise personal jurisdiction over the defendant

Plaintiff attaches the affidavit and letter from private investigator, Xavier Justice. Mr. Justice testifies in his affidavit that defendant has family living in the district and does live with his family in the district when he is doing seasonal work. Justice states that Cutlip has been doing seasonal work in this area up to five months a year since around 2002.

Plaintiff will show that on at least one occasion while in the district, the defendant sent a letter to a business contact of the plaintiff's in the district, wherein the letter the defendant made the same false statements about the plaintiff.

Defendant's enduring work relationship, residence with family, and continued perpetration of the false statements to Plaintiff's business contact in Washington, D.C. permit and support the exercise of personal jurisdiction over the defendant.

Why venue is proper in this District

Venue is proper in this District because Joseph Cutlip has sufficient contacts with the district as established above to assure that he will have the opportunity to adequately defend himself and substantial justice would not be offended if this Court exercised jurisdiction over the defendant and over the case.

The underlying facts giving rise to this dispute are not so complex, and seemingly are undisputed, where this Court could not reach the merits. All of Plaintiff's evidence and witnesses are available to be presented and to testify in this court. The defendant has not yet answered the complaint, and has not raised any challenges to this court's jurisdiction.

There is a strong presumption in favor of the plaintiff's choice of forum when private and public interest factors do not clearly point towards trial in the alternative

forum, especially when the balance of conveniences suggest that the trial in the chosen forum would not be burdensome for the defendant or the court (see ***Piper Aircraft Co. v. Reyno, Personal Representative of the Estates of Fehilly, et. al.***, (1981) 454 U.S. 235; 102 S. Ct. 252). The forum chosen by the plaintiff is not so completely inappropriate and inconvenient for the convenience of the parties and all of the relevant witnesses that it is better for this Court to stop the litigation here and let it start all over again in the alternative federal court venue, that is, the United States District Court for the Northern District sitting in Cleveland, Ohio (see ***Norwood, et. al. v. Kirkpatrick*** (1955) 349 U.S. 29; 75 S. Ct. 544).

Conclusion

Plaintiff contends that this Court may exercise jurisdiction over this case wherein Plaintiff can show that the defendant's defamatory acts occurred on May 8, 2007, and otherwise, since June 22, 2006.

Plaintiff contends that this Court may exercise jurisdiction over the defendant, whose work relationship, residence with family, and perpetration of the false statements to Plaintiff's business contact in Washington, D.C. while the defendant was in D.C. demonstrate that defendant has enough minimal contacts with this forum, and that this forum will not be unduly cumbersome to impede the availability of evidence, testimony of witnesses, and the overall efforts of the defendant to defend himself, if he chooses.

Respectfully Submitted

David Copeland-Jackson
Plaintiff

Certificate of Service

I certify that a true copy of this memorandum and attachments were sent by ordinary mail with postage prepaid to Joseph Cutlip at 273 Lee Avenue, Ashland, Ohio 44805 on this 10 day of July, 2007.

David Copeland-Jackson
Plaintiff

City of Washington
ss.
District of Columbia

Affidavit of Xavier Justice

I, Xavier Justice, first being duly sworn according to law depose that the following statements are true and accurate.

1. My name is Xavier Justice and I work as a private investigator for Capitol Investigations, PO Box 30184, Washington, D.C. 20030. I have known Mr. Copeland-Jackson since 1990 and have been working with him since 2003 on various projects.

2. I did conduct an investigation into the statements made by Joseph Cutlip that David Copeland-Jackson had engaged in sexual activity with Joshua Helms and Joseph Cutlip. I was able to confirm that Mr. Cutlip first made these statements to Robert Renfroe and Paul Tracy.

3. I have confirmed that Mr. Cutlip did tell Peter Brandel on May 8, 2007 that Mr. Copeland-Jackson had engaged in sexual activities with Cutlip and Helms. Mr. Cutlip also finally admitted that he is the person that initiated the rumors by telling Robert Renfroe and Paul Tracy that Mr. Copeland-Jackson had engaged in sexual activities with Helms and Cutlip. Apparently, Mr. Cutlip created and made these statements in order to discredit Mr. Copeland-Jackson in an unrelated matter.

4. Mr. Cutlip later endorsed two affidavits wherein he stated he lied when he stated that Mr. Copeland-Jackson had engaged in sexual activities with Helms and Cutlip.

5. I have confirmed that Mr. Cutlip has family members living in northwest D.C. at 4322 Fessenden Street. Mr. Cutlip has worked in D.C. from April to September since 2002. Mr. Cutlip stays with family while he does his seasonal work in the area, and was in D.C. from February to March and June of 2007.

Xavier Justice

Sworn to and Subscribed in my presence on this 10 day of July, 2007

City/County of
District of Columbia
The foregoing instrument was subscribed and sworn before me this 11th day of July, 2007
by ________ Notary Public
My commission expires ________

Notary Public

JADA D. THORNTON
NOTARY PUBLIC, DISTRICT OF COLUMBIA
MY COMMISSION EXPIRES 5-14-2009

Xavier Justice
Investigator



Capitol Investigations
P.O. Box 30184
Washington, D.C. 20030
443-205-4705

David Copeland-Jackson
2542 Naylor Road SE #201
Washington, D.C. 20020

June 29, 2007

Dear Mr. Copeland:

This letter is to update you on the status of my investigation into Joseph Paul Cutlip. I hope you have been taking care of yourself, my friend.

Well, I was able to determine that Joseph had been living with his mom Debra Lynn and his dad, Allen at the 273 Lee Avenue address off and on since he got out of prison in March of last year on the burglary charge. Apparently, his sister, Amber and his brother, Allen, are not living there anymore. He's got a rather large family and sometimes he bounces back and forth.

It does turn out that you were right. I confirmed that Joseph has family (Kathy) living in the District of Columbia at 4322 Fessenden Street. Joseph has been working in the District off and on for some time. I used the pretext of selling insurance to talk to Kathy and she told me that Joseph had went back home for Easter and came back to D.C. after Memorial Day to work for the summer. Kathy sent me an email to tell me that Joseph did show up on Father's Day, but left abruptly on the 22nd. I surmise he went back after you tried to have him served at Fessenden. I didn't want to go too far with my questions so as to not tip anybody off. But, Joseph does stay with Kathy when he's in the area.

Now, regarding your other request to get an official statement of why you were released from your employment with the university. I did talk to your boss, John Dowdell- back in February. He told me to talk to George Huff, whom was your direct supervisor. Huff doesn't work for the university anymore. It took some doing but I did find and speak to Huff in April and he told me that Dowdell made the decision to terminate your employment after Dowdell received a letter from Cutlip accusing you of having sex with students; namely, Cutlip and Helms. Huff read the letter and was directed by Dowdell not to renew your contract and place you on indefinitely administrative leave. Huff did not have a copy of the letter and when I called Dowdell back, he refused to talk to me "under orders of the university's counsel." Before Dowdell clammed up, he said that your personnel record only says that your contract expired- for whatever that's worth. Huff did confirm that Cutlip had been dismissed for cheating and that you were the administrator that approved the suspension. Huff said he wasn't sure whether or not the higher-ups considered the idea that Cutlip sent the letter to retaliate against you. Honestly, Dave, I don't think you're going to get anywhere with the university so I wouldn't recommend that you keep trying to pursue that statement. They ain't giving an inch.

I got to talk to Peter Brandel and Charlotte McNaull and they confirmed that Cutlip had signed those affidavits. So, I think you should be in good shape.

Let me know if you decide to go on ahead and sue Cutlip over the mess he caused you.

Oh, yeah. Make sure you hit the gym this summer so you work out that stress and get that blood pressure down, my man. You are way too young to be having ulcers and chest pains.

Let me know if there's anything else I can do to help you out. Take care, and don't be a stranger.

Sincerely,

Xavier Justice
Chief Investigator