UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

David Copeland-Jackson,

   Plaintiff,

v.              Case Number: 1:07-cv-01124 ESH

Joseph Cutlip,

   Defendant.

### *Response to Defendant's Statement About Defaults and Motion for Findings of Facts on Default and Default Judgment*

   Plaintiff states that the Clerk of this Court entered the default against the defendant on July 26, 2007. Plaintiff's request for default judgment is pending.

   The defendant has now filed his statement about defaults. Although the defendant's statements can be liberally construed by the court so as to constitute an answer to the complaint, the statements taken as a whole do not genuinely dispute the essential elements of the plaintiff's complaint. In fact, the defendant voluntarily waived "all immunities and any other technical privileges that would keep this court from deciding everything..." Further, the defendant concedes and states that he will not contest this lawsuit. The defendant only seems to ask for consideration for his honesty in regards to damages on the grounds that he cannot afford the damages requested, and that he did not act alone in damaging the plaintiff.

   Moreover, the only authority that the defendant appears to be invoking is the relief from judgment due to mistake provisions provided for in rule 60 (B) of the federal rules of civil procedure. Defendant's overall language here conveys that he concedes a judgment to the plaintiff, or otherwise the motion is prematurely filed. If the court forgives the procedural problem to consider the argument (without objection from the plaintiff), the mistake theory advanced by the defendant goes to the very merits of the plaintiff's claims as a defense, and not as support to remedy a procedural defect that superintended the final judgment as contemplated by 60B relief. The facts given by the defendant, even if accepted as true by the court, does not support relief from judgment

RECEIVED
JUL 3 0 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

because the defendant cannot afford the amount of the money demanded or because another person should be held jointly-liable with the defendant. Plaintiff contends then that he is entitled to default judgment notwithstanding the defendant's filing since the defendant has failed to produce a cognizable set of facts that would allow this court to grant relief from judgment pursuant to 60B under the defendant's mistake theory.

The defendant seeks consideration for his appearance of candor and being forthright and honest. The defendant expects that such consideration would ignore the defendant's lack of an adequate defense and seek to limit his liability. Moreover, the defendant hopes that such consideration would wink or nod at the seriousness of his actions and the collateral consequences that the plaintiff suffered as a result of the defendant's conduct. Plaintiff will only give the defendant consideration regarding the intensity of how the plaintiff enforces the judgment of this court.

In default proceedings, this court must accept as true all facts that have been well-pled in the complaint and also accept as true, those facts that may be implied or inferred from those expressly alleged.

Plaintiff now moves this Court to enter the default judgment, and to liberally construe and assess his pro-se complaint and amended complaint and concomitant filings in order to assess what facts that have been well-pled, and can be accepted as implied or inferred in the complaint, amended complaint, motion for leave to amend and other documents filed in the case to support the complaint and order to show cause. Plaintiff asks this Court to specifically find the following facts:

1. The defendant stated that the plaintiff had sexual activity with the defendant and Joshua Helms.

2. The plaintiff denied having sexual activity with the defendant and Joshua Helms.

3. The defendant has admitted that the statements involving the plaintiff were false, and that the defendant exploited the racial environment to facilitate his conduct.

4. The defendant acknowledged his liability for his conduct, and waived any immunities and procedural issues so that the court can reach the full merits on all of the plaintiff's claims.

5. The defendant stated that he conspired with Joshua Helms to damage and to put the plaintiff in false light, and the defendant's conduct also constitutes defamation and fraud.

6. The defendant's conduct was injurious to the plaintiff's status, career, and reputation.

The defendant has admitted that he created the lie that the plaintiff had homosexual sex with the defendant and Joshua Helms, and the defendant has clearly admitted to broadcasting the lie on several occasions and in various forms and in different locations. The defendant also admits that he and Joshua Helms conspired, colluded, and was otherwise, complicit in damaging the plaintiff. The defendant admits to exploiting and manipulating the racial tone in order to facilitate his actions.

The defendant failed to appear or defend, and his only filing in this court does not put forth a defense or grounds for relief.

At this time, this court should enter the judgment by default on the claims in the plaintiff's complaint, amended complaint, and motion for leave to amend. This court should also make the six foregoing findings of fact as the plaintiff requested.

Respectfully Submitted

David Copeland-Jackson
Plaintiff

### Certificate of Service

I certify that a true copy of this request was sent by ordinary mail with postage prepaid to Joseph Cutlip at 273 Lee Avenue, Ashland, Ohio 44805 on this 27day of July, 2007.

David Copeland-Jackson
Plaintiff

3