United States District Court
For the District of Columbia
Chambers of Ellen Segal Huvelle
333 Constitution Avenue, N.W.
Washington, D.C. 20001

*Let this
be filed
ESH
8/13/07*

Attn: Judge Ellen S. Huvelle

Case Name: COPELAND-JACKSON v. CUTLIP
Case Number: 1:07-cv-1124
Filer:
Document Number 17

I'm writing this letter in regards to the above mentioned case. Please give me a continuance because I need time to find an Attorney in Washington, D.C. I never received a summons for this case. All I have is the papers notifying me of the court date.

Would you please send me the paperwork on what Copeland-Jackson is sueing me for.

For your personal information, please be inform that I was 13 years old when David Copeland-Jackson molested me as well as two other victims, who were tutored by Copeland-Jackson. Copeland-Jackson was arrested, and convicted : Ashland Co Case #00-CRI-07904 Gross Sexual Imposition (acts). The prosecutor in this case was John Good, now in private practice. His phone number is (419)207-0553. Copeland-Jackson pled to a lessor charge on a Bill of Information, He went to prison for 3 years, under inmate #A389768. He was released from prison on 05/30/2003 and is presently on supervision in Washington, D.C. to parole officer, Jamie Bland.

Copeland-Jackson has been harassing me through his friend Peter Brandel a paralegal who lives in Mansfield, Ohio. Mr. Brandel filed burglary charges against me. Then sent me a letter on June 23, 2007 apologizing saying it was a mistake. He took me to a bank in Ashland, and he and I signed 3 papers before a notary saying that he filed the report in error. Later on, I learned that one of the papers he had me sign was a statement that Copeland-Jackson did not molest me. At that time I did not know Peter Brandel was Copeland-Jackson friend. Copeland-Jackson is a

Registered Sex offender.

Thank you for your concern and please send paperwork to Joseph P. Cutlip 273 Lee Ave. Ashland, Ohio 44805.

Sincerely,

*[signature]*

Joseph P. Cutlip

JUL 2 4 2000      CCIS: 225621

## IN THE COURT OF COMMON PLEAS OF ASHLAND COUNTY, OHIO

STATE OF OHIO,                    :        Case No. 00-CRI-07904

    Plaintiff,                :

vs.                               :

DAVID B. COPELAND-JACKSON,        :

    Defendant.                :        JUDGMENT ENTRY

This case came on for sentencing this 14th day of July, 2000. The Defendant was present in open court represented by Attorney Joseph P. Kearns, Jr. The State of Ohio was present in open court represented by Assistant Prosecuting Attorney John L. Good.

Whereupon, based upon the stipulation of counsel, the Court found the Defendant to be an habitual sex offender pursuant to Section 2950.09 of the Ohio Revised Code. After reviewing the sex offender registration and notification rules with the Defendant, the Court found the Defendant to be an habitual sex offender pursuant to Section 2950.01 of the Ohio Revised Code et. seq., and subject to community registration.

Prior to imposing sentence the Court afforded the defense counsel an opportunity to speak on behalf of the Defendant, which he did.

The Court addressed the Defendant personally and asked him if he wished to make a statement on his own behalf or present any information in mitigation of punishment, which he did.

Prior to imposing sentence the Court afforded the State of Ohio an opportunity to speak relative to the sentencing, which it did.

The father of one of the victims, made a statement to the Court on behalf of the victims.

The Court advised both parties that the Court had received a full and complete pre-sentence investigation report from the Probation Department prior to the hearing.

ERT R DESANTO
SHLAND COUNTY
.CUTING ATTORNEY
SUITE 307
.NCE TREE SQUARE
LAND, OHIO 44805
(419) 289-8857
.X (419) 281-3866

1

C-82/332-337

Whereupon, the Court reviewed the purposes of felony sentencing as set forth in Section 2929.11 of the Ohio Revised Code.

Pursuant to Section 2929.12 of the Ohio Revised Code, the Court finds the following factor as indicating that recidivism is more likely than not:

1. The Defendant shows no remorse for his actions.

Pursuant to Section 2929.12 of the Ohio Revised Code, the Court finds the following factor as indicative that recidivism is less likely:

1. The Defendant does not have a prior juvenile or adult record.

Pursuant to Section 2929.12(B) of the Ohio Revised Code, the Court finds the following factors as indicating that the Defendant's conduct is more serious than conduct normally constituting the offense:

1. Injury to the victims was worsened by the age of the victims;
2. The victims suffered serious psychological harm as a result of the offense;
3. The Defendant used his position of trust to commit the crime;
4. The Defendant's office as volunteer teacher placed him in a position where he had a duty to prevent such an offense from occurring;
5. The Defendant's office facilitated the offense and the offense is likely to influence others;
6. The Defendant's relationship to the victims facilitated the offense.

The Court also considered the Defendant's educational level and sophistication, the Defendant's unrepentant attitude, and the affiliation of the offender with both a church and a school.

In order to protect the public from future crime by the Defendant, to punish the Defendant and incapacitate him, to deter the Defendant and others from future crime and to

2

rehabilitate the Defendant, the Court finds that a prison term is necessary in this case. The Court further found that the Defendant is not amenable to community control sanctions. The Court specifically found that a minimum sentence would demean the seriousness of the Defendant's conduct and would not adequately protect the public.

The Court finds that the Defendant has committed the worst form of the offense, and that there is the greatest possibility that the Defendant will re-offend. The Court further finds that consecutive sentences are necessary to protect the public because there are separate victims, and because the harm was so great or unusual that a single sentence would be inappropriate in this case.

The Defendant having pled no contest to COUNT ONE: GROSS SEXUAL IMPOSITION, in violation of Section 2907.05(A)(5) of the Ohio Revised Code, a felony of the fourth degree; and, COUNT TWO: GROSS SEXUAL IMPOSITION, in violation of Section 2907.05(A)(5) of the Ohio Revised Code, a felony of the fourth degree, the Court hereby ORDERS AND DECREES that the Defendant be sentenced as follows:

As stated in Count One for the offense of GROSS SEXUAL IMPOSITION, in violation of Section 2907.05(A)(5) of the Ohio Revised Code, a felony of the fourth degree, the Defendant is sentenced to eighteen (18) months of incarceration under the authority of the Ohio Department of Rehabilitation and Correction in an appropriate penal institution, and a fine of $2,500.00 to be distributed by the Clerk of Courts.

As stated in Count Two for the offense of GROSS SEXUAL IMPOSITION, in violation of Section 2907.05(A)(5) of the Ohio Revised Code, a felony of the fourth degree, the Defendant is sentenced to eighteen (18) months of incarceration under the authority of the Ohio Department of Rehabilitation and Correction in an appropriate penal institution, and a fine of $2,500.00 to be distributed by the Clerk of Courts.

Whereupon, the Court ORDERED that Count Two shall be served consecutive to the sentenced previously imposed for Count One.

The Court Ordered that the Defendant is to receive sex offender treatment and counseling at the prison where he is incarcerated, and he is to continue with his treatment and counseling if post-release control is imposed.

The Court notified the Defendant that the parole board may extend the stated prison term if the Defendant commits any criminal offense under the laws of this state or the United States while serving the prison term, that the extension will be done administratively as part of the Defendant's sentence in accordance with Section 2967.11 of the Revised Code and may be for thirty, sixty, or ninety days for each violation, that all extensions of any stated prison term for all violations during the course of the term may not exceed one-half of the term's duration, and that the sentence so imposed automatically includes any extension of the stated prison term by the parole board.

The Court further notified the Defendant that a period of post-release control may be imposed following his release from prison. If a period of post-release control is imposed following the Defendant's release from prison, and if the Defendant violates a post-release control sanction imposed as a component of the post-release control including the mandatory condition described in division (A) of Section 2967.121 [2967.12.1] of the Revised Code, all of the following apply:

(i) The adult parole authority of the parole board may impose a more restrictive post-release control sanction.

(ii) The parole board may increase the duration of the post-release control subject to a specified maximum.

4

(iii) The more restrictive sanction that the parole board may impose may consist of a prison term, provided that the prison term cannot exceed nine months and the maximum cumulative prison term so imposed for all violations during the period of post-release control cannot exceed one-half of the stated prison term originally imposed upon the offender.

(iv) If the violation of the sanction is a felony, the offender may be prosecuted for the felony and, in addition to any sentence it imposes on the offender for the new felony, the Court may impose a prison term, subject to a specified maximum, for the violation.

Whereupon, the Court appointed Attorney Charles Linch to represent the Defendant in his appeal.

The Defendant is to receive credit for all time served in the Ashland County Jail, which to date is thirty-one (31) days, and is to receive one (1) day's credit for each day served subsequent this entry while he is awaiting transfer to the receiving institution.

Whereupon, the Court remanded the Defendant to the custody of the Ashland County Sheriff's Department to await transport to the receiving institution.

The Clerk of Courts is directed to issue a warrant of conveyance to the Ashland County Sheriff directing him to deliver the Defendant to the authority of the Ohio Department of Rehabilitation and Correction, Lorain Correctional Institution, Reception Center, Grafton, Ohio, for placement in the appropriate penal institution.

Costs are taxed to the Defendant and in addition to these costs, the Defendant is taxed a sum of $11 pursuant to Section 2949.091 of the Ohio Revised Code. In addition, the $30 previously posted with the Clerk of Courts is to be paid over to the Treasurer of the State of Ohio, pursuant to Section 2743.70 of the Ohio Revised Code.

Bond released.

*[signature]*
JUDGE JEFFREY L. RUNYAN
COURT OF COMMON PLEAS

APPROVED:

*[signature]*
JOHN L. GOOD (0056179)
Assistant Prosecuting Attorney

*[signature]*
JOSEPH P. KEARNS, JR.
Attorney for Defendant

6